**Slip Op. 99-135**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
NSK LTD. and NSK CORPORATION;           :
KOYO SEIKO CO., LTD. and KOYO           :
CORPORATION OF U.S.A.; NTN              :
BEARING CORPORATION OF AMERICA,         :
AMERICAN NTN BEARING                    :
MANUFACTURING CORP., NTN                :
CORPORATION, NTN DRIVESHAFT,            :
INC. and NTN-BOWER CORPORATION,         :
                                        :
        Plaintiffs and                  :
        Defendant-Intervenors,          :
                                        :
NIPPON PILLOW BLOCK SALES CO.,          :
LTD. and FYH BEARING UNITS USA,         :
                                        :
        Plaintiffs,                     :
                                        :
                v.                      :   Consol. Court No.
                                        :   95-03-00239
                                        :
UNITED STATES,                          :
                                        :
        Defendant,                      :
                                        :
THE TORRINGTON COMPANY,                 :
                                        :
        Defendant-Intervenor            :
        and Plaintiff,                  :
                                        :
HONDA MOTOR CO., LTD., AMERICAN         :
HONDA MOTOR CO., INC., HONDA OF         :
AMERICA MFG., INC. and HONDA            :
POWER EQUIPMENT MFG., INC.,             :
                                        :
        Defendant-Intervenors.          :
_____:

### J U D G M E N T

In accordance with the decision (Sept. 2, 1999) and mandate (Oct. 25, 1999) of the United States Court of Appeals for the Federal Circuit ("CAFC"), Appeal Nos. 98-1547, -1548, -1582, it is hereby

**ORDERED, ADJUDGED and DECREED** that the decision and order of this Court in connection with <u>NSK Ltd. v. United States</u>, 21 CIT __, 969 F. Supp. 34 (June 17, 1997), which directed Commerce to "review the record to (a) determine whether it is possible to remove those portions of Koyo's warranty expenses which relate to non-scope merchandise from adjustments to FMV or (b) deny the adjustment if such removal cannot be made," is vacated, and the Court reinstates Commerce's handling of Koyo's home market warranty expenses in the final determination, and the CAFC having affirmed this Court on all other issues, judgment is entered accordingly.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE


Dated:     December 17, 1999
           New York, New York